```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: PART ONE
DATE FILED: 7-16-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN THE MATTER OF THE PEITITION OF
AMANDA AUSTIN TO PRESERVE EVIDENCE
IN AID OF ANTICIPATED LITIGATION
PURSUANT TO RULE 27 OF THE FEDERAL
RULES OF CIVIL PROCEDURE.

MEMORANDUM
AND ORDER

13 Misc. 252

-----------------------------------------------------------x

CASTEL, District Judge:

      Counsel for petitioner presents an ex parte order for the issuance of subpoenas to obtain documents from Nintendo of America ("Nintendo") and Laboratory Corporation of America Holdings ("Lab Corp.") for "all specimens and chain of custody records pertaining to Amanda Austin taken on April 5, 2013." In the alternative, petitioner seeks to depose knowledgeable persons from Nintendo and Lab Corp.

      Rule 27, Fed. R. Civ. P., sets forth a procedure for making an application to a Court "to perpetuate testimony about any matter cognizable in a United States court . . . ." Rule 27(a)(1). It requires the petitioner to serve each expected adverse party with a copy of the petition and a notice of the time and place of a hearing 21 days before the hearing. Rule 27(a)(2). The petition identifies four individuals and two corporations as adverse parties to the proposed action yet there is no proof of service of the application on the adverse parties to the proposed action. Providing after-the-fact notice to the proposed deponent that the application was granted and a subpoena has issued is not a substitute for the pre-issuance procedure that the rule contemplates. The failure to provide the required 21-day notice is alone a sufficient basis to deny the application.

But the rule also requires the petitioner to identify "the subject matter of the expected action" and "the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it." Rule 27(a)(1)(B), (C).  Petitioner states that "[t]he nature of the controversy which is expected to be the subject of the action <u>could be</u> breach of contract and/or negligence." (Pet. ¶ 7 (emphasis added).)  Petitioner candidly states that she is "unable to commence the action at this time" (<u>id.</u> ¶ 5) and refers to a "controversy regarding pre employment screening and withdrawal of an offer." (<u>Id.</u> ¶ 4.)  She states that the "review of <u>potentially</u> tainted specimens are imperative in order to properly file suit." (<u>Id.</u> ¶ 5 (emphasis added).)  Petitioner's Memorandum of Law states that "the facts which the Petitioner wants to establish involve whether her specimen's [sic] were actually used or whether other circumstances occurred where the purported results were not that of Petitioner." (Pet. Mem. 4.)

In federal court, pre-complaint discovery is not available to determine whether a claim for relief exists. One commentator has described the history and purpose of the rule:

> At first, some concern was expressed that this rule might be used for the purpose of discovery before action is commenced and might enable a person to fish for some ground for bringing suit. The early commentators agreed that this was not the purpose of the rule, and, despite an occasional intimation to the contrary, the courts have generally agreed that to allow Rule 27 to be used for this purpose would be an abuse of the rule.

8A C. Wright, A. Miller & R. Marcus, <u>Federal Practice and Procedure</u> § 2071 at 384-85 (3d ed. 2010) (footnotes and quotation marks omitted).  Indeed, "it is well-settled that Rule 27 is not a vehicle for general discovery before an action is commenced and should not be used to determine whether a cause of action exists, and, if so, against whom the action should be instituted." <u>In re Liquor Salesmen's Union Local 2D Pension Fund</u>, 2012 WL 2952391, at *6 (E.D.N.Y. July 19, 2012) (Matsumoto, J. ) (citation and quotation marks omitted).  Moreover,

the petition must give reason to believe that time is of the essence.  See In re Petition of John W. Danforth Group, Inc., 2013 WL 3324017, at *3 (W.D.N.Y. July 1, 2013) (Skretney, C.J.) ("[G]eneralized statements of concern that requested evidence might be destroyed are insufficient to warrant pre-complaint intervention.").

So far as can be gleaned from the petition, an offer of employment was made subject to some form of pre-employment laboratory screening.  Petitioner did not pass the screening and the offer was withdrawn and now, in the context of Rule 27, petitioner seeks to know whether the laboratory test was tainted.  While such discovery may be appropriate in the context of a pending action, it is not on these facts properly within the scope of Rule 27.  Petitioner's application is silent as to the reason that she is unable to commence an action at this time other than uncertainty as to whether she has a claim for relief.  Endeavoring to characterize the application as an effort to preserve or perpetuate information regarding the laboratory test does not alter the outcome.  No evidentiary support has been presented for the proposition that, under ordinary retention practices, there is a substantial risk of destruction of the laboratory specimen and associated documents, which was collected on April 5, 2013.

Petitioner's counsel is directed to provide a copy of this Order to any judge or court to whom a subsequent application for pre-complaint discovery is made.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge
Part I

Dated: New York, New York
       July 15, 2013